IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NESICA CANTRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1606-L |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a social security case. Plaintiff Nesica Cantrell ("Plaintiff" or "Cantrell") seeks judicial review of a final decision of Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Defendant" or "Commissioner") denying Plaintiff's claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Paul D. Stickney for review and submission of proposed findings of fact and recommendation for disposition. On July 13, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed. Cantrell filed Plaintiff's Objections to Findings, Conclusions, and Recommendations of the United States Magistrate Judge ("Objections") on July 25, 2005.

After an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's Objections, the court determines

that the findings and conclusions of the magistrate judge are correct, and hereby **accepts** them as those of the court. Accordingly, the court **affirms** the decision of the Administrative Law Judge and that of the Commissioner.

## I.    Factual and Procedural Background

Cantrell alleges disability since December 2000, due to reflex sympathetic dystrophy.[1] She applied for DIB in May 2001, and SSI in April 2001. Both applications were denied. Administrative Law Judge ("ALJ") Stanley M. Schwartz issued an unfavorable decision on October 24, 2002. The Appeals Council declined Plaintiff's request for review of the ALJ's decision on June 18, 2004, thus the ALJ's decision became final.

Plaintiff filed this action on July 23, 2004, contending that the Commissioner's decision that "Plaintiff is not disabled within the meaning of the Social Security Act is not supported by substantial evidence and applies an erroneous standard of law." Complaint at 1. After considering the entire record and the parties' briefs, the magistrate judge recommends that the final decision of the Commissioner be affirmed. Report at 19. Plaintiff objects to the magistrate judge's recommendation. The court now considers the Objection and makes a *de novo* review of the magistrate judge's conclusions and recommendations.

## II.   Legal Standards

The court reviews the Commissioner's denial of social security benefits to determine whether the decision is supported by substantial evidence and whether the proper legal standards were used in evaluating the evidence. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Substantial evidence is defined as "'such relevant

---

[1]"Reflex sympathetic dystrophy" is defined as "a chronic, painful, and progressive neurological condition that affects skin, muscles, joints, and bones. The syndrome usually develops in an injured limb, such as a broken leg, or following surgery." Neurology Channel, at http://ww.neurologychannel.com/rsd/.

**Memorandum Opinion and Order- Page 2**

evidence as a reasonable mind might accept to support a conclusion.'" *Id.* (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The substantial evidence standard is less than the well-known preponderance of the evidence standard, but more than a mere scintilla of evidence. *Id*. That a different conclusion might be drawn from the evidence does not necessarily preclude a determination that the agency's decision was supported by substantial evidence. *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

A claimant is deemed to be disabled under Title II of the Social Security Act if she is unable "'to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Bowling v. Shalala,* 36 F.3d 431, 435 (5th Cir.1994) (quoting 42 U.S.C. §§ 416(i ), 423(d)(1)(a)); *see also Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir.1985). In evaluating a disability claim, the Commissioner applies a five-step sequential evaluation procedure. *See* 20 C.F.R. § 404.1520; *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir.1991). The Commissioner is required to consider whether the claimant: (1) is currently engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals one listed in the Act as conclusively disabling; (4) has an impairment that has prevented past relevant work; and (5) has an impairment that prevents other current and future work. *Id.* In the first four steps of the evaluation process, the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the individual is capable of performing work in the national economy and is, therefore, not disabled. *Id.*

### III.   Analysis

#### Plaintiff's Objections

In her two and one-half-page of objections, Plaintiff lists seven objections to the findings of the magistrate judge. Plaintiff, however, merely argues in a conclusory fashion that the record supports her position of disability. The court has reviewed the entire record and determines that the conclusions reached by the magistrate judge are correct.

Plaintiff first objects to the finding that her sister, Charlotte Newmish, testified that Plaintiff had a high pain threshold. Plaintiff points out that a review of the transcript shows the opposite. On July 26, 2005, the magistrate judge amended his Report *nunc pro tunc* to reflect that Ms. Newmish testified that Plaintiff does not have a very high pain threshold. Docket No. 23. Her objection is thus moot.

Plaintiff's second and third objections are regarding her allegation that her pain disorder is a type of somatoform disorder.[2] Specifically, Plaintiff contends that there was "an implicit

---

[2] Pursuant to 20 CFR Pt. 404, Subpt. P, App.1 § 12.07, Somatoform Disorders are described as "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms. The required level of severity for these disorders is met when the requirements in both A and B are satisfied."

> A. Medically documented by evidence of one of the following:
>
> 1. A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently, see a physician often and alter life patterns significantly; or
>
> 2. Persistent nonorganic disturbance of one of the following:
>
> a. Vision; or
>
> b. Speech; or
>
> c. Hearing; or
>
> d. Use of a limb; or

determination that she did not meet the [l]isting for a somatoform disorder." Objections at 1-2. Plaintiff also objects to the conclusion that she was too old for the disorder to apply. Plaintiff contends that her argument was that she was "deprived of consideration of the combination of her impairments and that Regulation 404.1520a was not followed. . . . The B criteria of the mental [l]istings are identical, and the Plaintiff described the B criteria under her argument for Listing 12.04." *Id.* at 1.

The magistrate judge found that substantial evidence supports the ALJ's decision that Plaintiff did not meet or equal a listing. Report at 12. The magistrate judge also found that "under the record as a whole, none of the evidence just detailed required the ALJ to address Plaintiff's 'somatoform disorder.'" *Id*. at 14. The magistrate concluded that at forty-four years old, Plaintiff was "well over thirty when the pain disorder set in." *Id.  See* 20 CFR Pt. 404, Subpt. P, App.1 § 12.07(A)(1) (requiring medical documentation of symptoms of somatoform disorder beginning

---

    e. Movement and its control (e.g., coordination disturbance, psychogenic seizures, akinesia, dyskinesia; or

    f. Sensation (e.g., diminished or heightened).

    3. Unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that one has a serious disease or injury;

   And

   B. Resulting in at least two of the following:

    1. Marked restriction of activities of daily living; or

    2. Marked difficulties in maintaining social functioning; or

    3. Marked difficulties in maintaining concentration, persistence, or pace; or

    4. Repeated episodes of decompensation, each of extended duration.

**Memorandum Opinion and Order- Page 5**

before age 30). The court agrees that substantial evidence, in the form of medical records, exists for the ALJ's decision. Specifically, Plaintiff was 44 years old at the time of alleged disability and the state agency physicians found that Plaintiff did not suffer from a somatoform disorder. Transcript at 55, 157.

Plaintiff next objects to "the conclusion that consideration of state agency opinions was sufficient to conclude she did not equal the [l]isted impairments." Objections at 2. Plaintiff maintains that the medical records had been updated with numerous exhibits since the state agency medical consultants rendered their opinion. The magistrate judge found that the ALJ considered and weighed the medical judgment of the state agency medical consultants who are highly qualified medical doctors. The magistrate judge concluded that the ALJ did not improperly evaluate Plaintiff's allegations of pain. Report at 15. The court agrees that substantial evidence supports the ALJ's decision. In her Objections, Plaintiff merely argues that the ALJ should have considered "numerous exhibits" that updated the medical records since the state agency physicians rendered their opinion. Based on this contention alone, the court cannot conclude that the ALJ's decision was not supported by substantial evidence and that the proper legal standards were not used in evaluating the evidence.

Plaintiff's fifth objection to the Report is that it indicates that she should have questioned the vocational expert at the ALJ hearing regarding "why her need to elevate her foot would not preclude other sedentary work." Objections at 2. Plaintiff maintains that the resolution of such conflict is the adjudicator's responsibility under Social Security Ruling 00-4p. *Id*. Plaintiff makes no argument and offers no evidence as to the impact of such finding or that the ALJ somehow improperly evaluated the vocational expert's testimony. The court concludes that this objection is

**Memorandum Opinion and Order- Page 6**

of no moment in the court's determination of whether the ALJ's decision is supported by substantial evidence and whether the proper legal standards were used in evaluating the evidence.

Plaintiff next objects to the magistrate judge's finding that she was not credible with respect to her alleged limitations respecting stress intolerance at the time of the hearing. Plaintiff contends that the ALJ's decision makes no finding that she was not credible with respect to her stress tolerance, and fails to address relevant evidence in the record on this issue. Objection at 2. Plaintiff fails to point out the "important relevant evidence of record" that should have been addressed by the ALJ. The magistrate judge determined that the record before the ALJ only included one reference by a doctor regarding Plaintiff's ability to manage stress. He also determined that the ALJ evaluated Plaintiff's credibility as to her limitations. The magistrate judge concluded that substantial evidence supports the ALJ's determination. The court agrees with the magistrate judge, and Plaintiff fails to offer sufficient evidence to the contrary.

Plaintiff's final objection is to the magistrate judge's conclusion that the Commissioner's residual functional capacity assessment was not flawed and Plaintiff was not prejudiced in that regard. Objection at 3. Plaintiff contends that an evaluation done by Dr. Dale General corroborates evidence before the ALJ regarding her limited stress tolerance; and that testimony from the vocational expert supports that she could not work with a sufficiently reduced stress tolerance. The magistrate judge determined that the Appeals Council considered Dr. General's report, but found no reason to review the ALJ's decision. The magistrate judge points out that Dr. General's evaluation was conducted almost a year and a half after Plaintiff's ALJ hearing. Plaintiff has not presented sufficient evidence to establish that she was prejudiced by the Commissioner's assessment, and therefore reversal of the ALJ's decision is not warranted.

**Memorandum Opinion and Order- Page 7**

## IV.     Conclusion

For these reasons, the court **overrules** Plaintiff's objections and **accepts** the findings and conclusions of the magistrate judge as those of the court.  Accordingly, the court **affirms** the decision of the ALJ and that of the Commissioner.  This action is therefore **dismissed with prejudice.**

**It is so ordered** this 10th day of January, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order- Page 8**